# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | James F. Holderman | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 11 C 5785 | **DATE** | October 26, 2011 |
| **CASE TITLE** | Tommy Johnson (#R-49448) and Jermaine Johnson (#2011-0429240) v. Bryant, et al. | | |

**DOCKET ENTRY TEXT:**

Plaintiff Tommy Johnson's complaint is dismissed for the reasons given in this order. Plaintiff Jermaine Johnson's (hereinafter, "Plaintiff") motion to proceed *in forma pauperis* [#5] is granted. The Court orders the trust fund officer at Cook County Jail to collect monthly payments from Plaintiff's trust fund account as stated below. The Clerk shall send a copy of this order to the Supervisor of Inmate Trust Fund Accounts, Cook County Dept. of Corrections Administrative Office, Division V, 2700 S. California, Chicago, IL 60608. However, Plaintiff's complaint is dismissed without prejudice to Plaintiff submitting an amended complaint. Plaintiff is also ordered to show cause as to why his complaint should not be dismissed for failure to exhaust administrative remedies prior to filing suit pursuant to 42 U.S.C. § 1997. Plaintiff's failure to comply with this order within 30 days will result in dismissal of this action. The Clerk is directed to send to Plaintiff an amended complaint form along with a copy of this order. Plaintiff's motion to correct his identification number [#3] is granted.

■ [For further details see text below.] **Docketing to mail notices.**

## STATEMENT

Plaintiffs Tommy Johnson and Jermaine Johnson have filed this 42 U.S.C. §1983 suit against a number of Cook County Jail officials and officers. They allege that inmates taking psychotropic medication are placed in segregation without benefit of a hearing within 48 hours and kept in segregation for longer than 7 working days. The conditions in segregation alleged include no access to law library and outside activities, and that they are required to be in their cells for 23 hours per day. Plaintiffs allege that after the tickets are expired, the subject inmates are then returned to general population. Plaintiffs further allege that this practice violates their due process rights and that they cannot exhaust their administrative remedies as required under 42 U.S.C. § 1997(a).

Although both Plaintiffs apparently signed the complaint, only Plaintiff Jermaine Johnson has submitted an i.f.p. application. Additionally, Plaintiff Tommy Johnson, since submitting the complaint, has been transferred from the Cook County Jail and into state custody. While the docket indicates that he is presently incarcerated, the IDOC web site indicates that he is incarcerated at Illinois River Correctional Center, and has been in IDOC custody since August 9, 2011. Pursuant to Fed. R. Civ. P. 20(a), multiple plaintiffs may file a § 1983 action; however, Plaintiffs are not now, nor are they likely to remain in the same location while this suit is pending, thus making it difficult for both of them to prosecute the case. As Plaintiff Tommy Johnson has not submitted a properly completed and certified i.f.p. application, and it is unclear from the allegations made in the complaint that they can satisfy the requirements of permissive joinder under Fed. R. Civ. P. 20, only Plaintiff Jermaine Johnson may proceed in this suit upon submission of an acceptable amended complaint. *See Boriboune v. Berge*, 391 F.3d 852, 855-856 (7th Cir. 2004). Plaintiff Tommy Johnson's complaint is dismissed.
**(CONTINUED)**

AWL

| STATEMENT |
|---|

     Plaintiff Jermaine Johnson's (hereinafter, "Plaintiff") motion for leave to proceed *in forma pauperis* is granted. Pursuant to 28 U.S.C. § 1915(b)(1), Plaintiff is assessed an initial partial filing fee of $3.30. The supervisor of inmate trust accounts at the Cook County Jail is authorized and ordered to collect, when funds exist, the partial filing fee from Plaintiff's trust fund account and pay it directly to the Clerk of Court. After payment of the initial partial filing fee, the trust fund officer at Plaintiff's place of confinement is directed to collect monthly payments from his trust fund account in an amount equal to 20% of the preceding month's income credited to the account. Monthly payments collected from Plaintiff's trust fund account shall be forwarded to the Clerk of Court each time the amount in the account exceeds $10 until the full $350 filing fee is paid. All payments shall be sent to the Clerk, United States District Court, 219 S. Dearborn St., Chicago, Illinois 60604, attn: Cashier's Desk, 20th Floor, and shall clearly identify Plaintiff's name and the case number assigned to this action. The Cook County inmate trust account office shall notify transferee authorities of any outstanding balance in the event Plaintiff is transferred from the jail to another correctional facility. Plaintiff has also submitted a motion correcting his identification number. That motion is granted.

     However, Plaintiff's complaint, as currently drafted, cannot proceed. The complaint is not on the proper form and is unclear as to what claims are being alleged against which Defendants. Local Rule 81.1 (N.D. Ill.) requires that inmates proceeding *pro se* file their civil rights suits on this Court's form. The Clerk shall forward amended complaint forms to Plaintiff. Additionally, a complaint must provide each Defendant sufficient notice of the claim being alleged against him or her and the grounds upon which the claim is based. Fed. R. Civ. P. 8(a); *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1964 (2007). The complaint indicates that Plaintiff was placed in segregation without a hearing; however, he names a number of Defendants and does not specify how each Defendant was personally involved. Rather, Plaintiff simply makes general allegations and states that he was denied his constitutional rights. He provides some detail, but his narrative style and confusing chronology render the complaint ineffective in terms of placing Defendants on notice of how Plaintiff's rights were alleged to have been violated. A complaint must do more than recite the elements of a cause of action, and a court need not accept mere labels and legal conclusions as factual allegations. *Bell Atlantic Corp,*, 127 S. Ct. at 1965. Also, a court need not presume facts not alleged. *Id.*

     Additionally, to the extent Plaintiff is attempting to allege a conditions of confinement claim, the challenged condition must amount to "punishment." *Bell v. Wolfish*, 441 U.S. 520, 535 (1979). The standard for determining punishment is similar whether considered in the context of the Due Process Clause or the Eighth Amendment. *Zentmeyer v. Kendall County, Ill.*, 220 F.3d 805, 810 (7th Cir. 2000). Punishment requires something more than routine discomfort. *Rhodes v. Chapman*, 452 U.S. 337, 349 (1981). Punishment in the constitutional sense requires allegations of extreme deprivations over an extended period of time. *See Antonelli v. Sheahan*, 81 F.3d 1422, 1431 (7th Cir. 1996). *See also Hudson v. McMillian*, 503 U.S. 1, 8-9 (1992); *Bell* at 542; *Henderson v. Sheahan*, 196 F.3d 839, 845 (7th Cir. 1999). It does not appear from what Plaintiff has pled that the conditions were either extreme, or for a prolonged period of time. Consequently, to the extent that Plaintiff decides to submit an amended complaint, he is advised to do legal research to ensure that what he is claiming is not frivolous. If Plaintiff submits a complaint that is legally frivolous, he risks being assigned a "strike" pursuant to 28 U.S.C. § 1915(g).
**(CONTINUED)**

| STATEMENT |
|---|

Finally, Plaintiff affirmatively pleads in his complaint that he failed to exhaust his administrative remedies prior to filing suit. A plaintiff may plead himself out of court by including factual allegations which if true show that his legal rights were not invaded. *Lekas v. Briley*, 405 F.3d 602 at 613 (7th Cir. 2005), *citing American Nurses' Association v. Illinois*, 783 F.2d 716 at 725(7th Cir. 1986). The Seventh Circuit has also held, "We are not required to ignore facts alleged in the complaint that undermine Plaintiff's claim." *Wroblewski v. City of Washburn*, 965 F.2d 452, 459 (7th Cir. 1992). As Plaintiff has affirmatively pleaded that he failed to exhaust his administrative remedies prior to filing suit, it appears the he may have undermined his complaint. Consequently, Plaintiff is ordered to show cause within thirty days of the date of this order as to why his complaint should not be dismissed for failure to exhaust his administrative remedies prior to filing suit.

Accordingly, the complaint is dismissed without prejudice to Plaintiff submitting an amended complaint. If Plaintiff chooses to submit an amended complaint, he must state the claims he seeks to raise, including enough information about the claims to give each Defendant notice of the violations being alleged. Plaintiff should not include Defendants who were not personally involved in the constitutional violations he seeks to allege, and should submit only non-frivolous claims against suable parties. If Plaintiff chooses to proceed with this case he must submit a proposed amended complaint, and must show cause as to why his complaint should not be dismissed for failure to exhaust his administrative remedies prior to filing suit within thirty days of the date of this order. If Plaintiff fails to comply with this order, this case will be dismissed with prejudice.

*James F. Holderman*