# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | James F. Holderman | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 11 C 5785 | **DATE** | November 18, 2011 |
| **CASE TITLE** | Jermaine Johnson (#2011-0429240) v. Cook County, et al. | | |

**DOCKET ENTRY TEXT**

The Court has reviewed Plaintiff's amended complaint pursuant to 28 U.S.C. § 1915A and finds that he has stated an arguable claim under 42 U.S.C. § 1983. Additionally, Plaintiff has adequately shown cause that he exhausted his administrative remedies prior to filing suit as required under 42 U.S.C. § 1997. The Clerk is directed to issue summonses for Defendants Cook County, Superintendent Bryant, Psych. Worker Albert, Tom Dart, Sheriff Investigator Priece, Psychologist Gomez, and Commander Franko, and the U.S. Marshal is directed to serve them. The Clerk is also directed to send Plaintiff a magistrate judge consent form and filing instructions along with a copy of this order.

■[ For further details see text below.]                                                                                     Docketing to mail notices.

## STATEMENT

   Plaintiff Jermaine Johnson has filed this 42 U.S.C. §1983 suit against a number of Cook County Jail officials and officers. On October 26, 2011, the Court ordered Plaintiff Johnson to amend his complaint and to show cause as to why this case should not be dismissed for failure to exhaust his administrative remedies as required pursuant to 42 U.S.C. § 1997, prior to filing suit. Plaintiff has alleged in his amended complaint that he submitted an emergency grievance and received no response within 48 hours. A more developed record may demonstrate that Plaintiff should have filed an appeal or taken additional action to exhaust administrative remedies, but the Court cannot hold that the complaint establishes on its face that Plaintiff failed to exhaust. *See Thompson v. Dart*, No. 09 C 6854, 2011 WL 2038737, *5 (N.D. Ill. May 24, 2011) (Guzman, J.), *citing Lewis v. Washington*, 300 F.3d 829, 833 (7th Cir. 2002) (the failure by a facility's officials to respond to a grievance usually renders exhaustion unavailable). Thus, Plaintiff has satisfactorily responded to the Court's show cause order.
   In Plaintiff's amended complaint, he alleges that there is a policy at the Cook County Jail of placing pre-trial detainees with psychological illnesses in administrative segregation without benefit of a hearing. Plaintiff alleges that he was placed in administrative segregation without a hearing and consequently was denied certain privileges, including access to the law library and visitation with his family.
   Under 28 U.S.C. § 1915A, the Court is required to conduct a prompt threshold review of the complaint. Here, accepting Plaintiff's allegations as true, the Court finds that Plaintiff has articulated a colorable federal cause of action against Defendants. "[A] person held in confinement as a pretrial detainee may not be subjected to any form of punishment for the crime for which he was charged." *Rapier v. Harris*, 172 F.3d 999, 1002 (7th Cir. 1999), *relying on Bell v. Wolfish*, 441 U.S. 520, 535 (1979). "Although correctional officers have 'considerable leeway' to punish a pretrial detainee for misconduct committed while in pretrial custody, that punishment can be imposed only after affording the detainee some sort of due process." *Rapier*, 172 F.3d at 1004-1005. Furthermore, if Defendants singled out Plaintiff by subjecting him to harsher and more restrictive conditions on the basis of personal animus, as opposed to legitimate security purposes, he may have a an

| STATEMENT |
|---|

actionable equal protection claim against them.

The Clerk shall issue summonses for service of the complaint on Defendants Cook County, Superintendent Bryant, Psych Worker Albert, Tom Dart, Sheriff Investigator Priece, Psychologist Gomez, and Commander Franko (hereinafter, "Defendants"). The Clerk shall also send Plaintiff a Magistrate Judge Consent Form and Instructions for Submitting Documents along with a copy of this order.

The United States Marshals Service is appointed to serve Defendants. Any service forms necessary for Plaintiff to complete will be sent by the Marshal as appropriate to serve Defendants with process. The U.S. Marshal is directed to make all reasonable efforts to serve Defendants. With respect to any former employee who can no longer be found at the work address provided by Plaintiff, the Cook County Department of Corrections shall furnish the Marshal with Defendant's last-known address. The information shall be used only for purposes of effectuating service [or for proof of service, should a dispute arise] and any documentation of the address shall be retained only by the Marshal. Address information shall not be maintained in the Court file, nor disclosed by the Marshal. The Marshal is authorized to mail a request for waiver of service to Defendants in the manner prescribed by FED. R. CIV. P. 4(d)(2) before attempting personal service.

Plaintiff is instructed to file all future papers concerning this action with the Clerk of Court in care of the Prisoner Correspondent. Plaintiff must provide the Court with the original plus a complete judge's copy, including any exhibits, of every document filed. In addition, Plaintiff must send an exact copy of any Court filing to Defendants [or to defense counsel, once an attorney has entered an appearance on behalf of Defendants]. Every document filed with the Court must include a certificate of service stating to whom exact copies were mailed and the date of mailing. Any paper that is sent directly to the judge or that otherwise fails to comply with these instructions may be disregarded by the Court or returned to Plaintiff.

*James F. Holderman*